AARON KOSOFSKY, Plaintiff, *v.* HARRY SILBERT, Defendant.

Supreme Court, New York Special Term, July 6, 1923.

Unfair competition — trade names — action to restrain defendant's use of name " Hudson Bay Fur Co." in connection with business — use of name by plaintiff deemed scheme to defraud public — complaint dismissed on merits.

Plaintiff's complaint in an action to restrain the use by defendant of the name " Hudson Bay Fur Co." in connection with his business will be dismissed on the merits, though the term be used merely as a " trade name," where from the evidence it appears that the plaintiff sold coats not made from Hudson Bay furs and that he held himself out to the public as a vendor of the original Hudson Bay Company furs and coats when as a fact neither the furs nor coats had any connection with that company. To give judgment in plaintiff's favor would be to lend the aid of a court of equity to a scheme to defraud the public.

ACTION to restrain use of trade name.

*Benjamin A. Hartstein* [*I. Maurice Wormser* and *Leonard Acker* of counsel], for the plaintiff.

*Underhill & Rubinger* [*Maurice Rubinger* of counsel], for the defendant.

GIEGERICH, J.  The plaintiff seeks to enjoin the defendant from the use of the name " Hudson Bay Fur Co."  He claims that he has earned the right to the exclusive use of such name by reason of his having used it for over two decades in connection with his business and by reason of his extensive advertising.  The defendant, on the other hand, contends that the plaintiff has shown no exclusive right to the use of the said name, and that, even if he has, the testimony and exhibits show that he has no standing in a court of equity, because of his alleged misconduct and unconscionable business methods.

It conclusively appears from the evidence that the plaintiff has adopted and used the name he seeks to prevent the defendant from using, as well as the words " Hudson Bay Fur," to denote and to indicate to the public that the furs composing the coats advertised for sale by the plaintiff come from the Hudson Bay

region, which ·I am satisfied is not the fact. The plaintiff claims that the term " Hudson Bay Seal " under which he sells some of his coats, is merely a trade name. Assuming, without deciding that this is so, it nevertheless appears from the evidence that other coats offered for sale by the plaintiff were not made from furs which came from the region above mentioned, although indicated by him to the public that they came therefrom. Moreover, it would also appear from the evidence that the plaintiff caused signs to be placed in front of his premises, No. 662 Sixth avenue, borough of Manhattan, New York city, and in his Brooklyn branch, at Nos. 194 to 200 Livingston street, in old English type, adopted and in use by the original Hudson Bay Company, chartered by King Charles I in 1670, to denote and to indicate to the public that such original Hudson Bay Company is selling furs at the said establishments conducted by the plaintiff, which I likewise find not to be the fact. Furthermore, the plaintiff has caused advertisements to be inserted in newspapers published in the city of New York to the effect that he was offering for sale coats of the original Hudson Bay Company, when, as a matter of fact, the coats so offered for sale were not the coats of such company.

Under these circumstances, to give judgment in favor of the plaintiff would be to lend the aid of the court to a scheme to defraud the public. The case, therefore, clearly comes within the rule that a court of equity will not aid one who comes before it with unclean hands. Upon all the facts appearing in the record it is evident that the defendant is entitled to judgment dismissing the complaint on the merits, with costs. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature, on notice, a decision embodying, without change of language, all findings made by me. All papers received by me including stenographer's minutes, exhibits, briefs, copy pleadings, requests to find, and filed papers have been returned to the clerk, to whom all further papers are to be handed in, with proof of service.

Judgment accordingly.